UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROCCO J. KANTON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>DOUG HUYVAGRT, )<br>)<br>Respondent. ) | Cause No. 3:05-CV-785 AS |

*OPINION AND ORDER*

Rocco J. Kanton, a *pro se* prisoner, filed a petition seeking relief under 28 U.S.C. § 2254. The respondent has filed a response and the petitioner has filed a traverse. Therefore this case is now ripe.

Mr. Kanton was convicted of several offenses related to operating a vehicle while intoxicated in the Benton Circuit Court on April 12, 2001. He appealed those convictions to the Court of Appeals of Indiana which affirmed them and later denied his petition for rehearing on April 15, 2002. He did not seek transfer to the Indiana Supreme Court and the time for doing so expired on May 15, 2002. IND. R. APP. P. 57(C)(2). On February 10, 2003, (271 days later) he filed a motion to correct erroneous sentence which was denied by the state trial court on February 13, 2003. On November 26, 2003, (210 days later) he filed a motion to modify sentence which was denied by the state trial court on December 8, 2003. On February 4, 2004 (58 days later) he filed his first post-conviction relief petition which was denied, appealed to the Court of Appeals of Indiana, affirmed, and

ultimately rehearing denied on October 15, 2004. He did not seek transfer to the Indiana Supreme Court. On December 13, 2004, (59 days later) he sought leave to file a successive post-conviction relief petition. The Court of Appeals of Indiana denied that request on May 2, 2005. While that proceeding was pending, he filed a motion for jail time credit on January 7, 2005, which was denied by the state trial court the same day. On May 19, 2005, the Indiana Court of Appeals dismissed his untimely appeal from that ruling. On December 12, 2005, (207 days later) he signed this habeas corpus petition.

> Habeas Corpus petitions are subject to a one year statute of limitations.
>
> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Mr. Kanton makes no argument that there was any impediment to his filings (of which there were many), that he is asserting a newly recognized constitutional right, or that his claims are based on newly discovered facts which were not available previously. Therefore, pursuant to § 2244(d)(1)(A), the one year statute of limitations began on the expiration of the time for seeking a direct review of his convictions: May 15, 2002. Even assuming that all of the time that he had any proceeding pending in the state courts was exempted from the one year limitation period pursuant to § 2244(d)(2), this habeas corpus petition is still late. For even giving him every potentially arguable day that anything was pending in state court, 805 days elapsed before this petition was filed – more than a year after the deadline for filing had expired.

For the foregoing reasons, the habeas corpus petition is **DENIED** because it is untimely.

**IT IS SO ORDERED.**

**ENTERED: October 18 , 2006**

                                      **S/ ALLEN SHARP**
                                      **ALLEN SHARP, JUDGE**
                                      **UNITED STATES DISTRICT COURT**